IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| SPLIT VEIN COAL COMPANY, INC., | * | CHAPTER 11 |
|     Debtor | * | |
| | * | CASE NO. 1:03-bk-02974MDF |
| SPLIT VEIN COAL COMPANY, INC., | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1:07-ap-00006 |
| | * | |
| GILBERTON COAL COMPANY, | * | |
| SEEDCO NP, LLC | * | |
|     Defendants | * | |

## OPINION ON RECONSIDERATION

### Procedural History

On December 11, 2009, I issued an Order in the above-captioned adversary case requiring Gilberton Coal Company ("Gilberton") to pay damages to Split Vein Coal Company, Inc. ("Debtor") as compensation for Gilberton's conversion of 507,116 tons of coal refuse to which Debtor held title. On even date, I issued an Opinion setting forth the factual findings and legal bases for that Order. On December 21, 2009, Gilberton filed a Motion for Reconsideration (hereinafter the "Motion") of my findings and legal analysis in the case. The parties filed briefs on the Motion and also requested oral argument. The parties filed additional briefs and replies after oral argument was heard on February 8, 2010. The request for reconsideration is now ripe for decision.[1]

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (O). This Opinion constitutes the findings of fact and conclusions of law required to be made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is made applicable to contested matters by FRBP 9014.

1

## Factual Findings

The Factual Findings of the December 11, 2009 Opinion are hereby incorporated by reference. No additional findings are necessitated by the motion for reconsideration.

## Discussion

In its Motion, Gilberton raises no fewer than seventeen (17) points of fact or law on which it contends the December 11 Opinion erred. For the reasons discussed below, none of these points merits specific substantive discussion or amended findings of fact or conclusions of law in the instant Opinion.

The limits of a motion for reconsideration are well-established in the case law. "A motion for reconsideration is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Staiano v. Schlittler*, 324 B.R. 561, 563 (Bankr. M.D. Pa. 2005) (citations omitted). Courts may also reconsider an issue "when there has been an intervening change in the controlling law . . . or when there is a need to correct a clear error or prevent manifest injustice." *NL Industries, Inc. v.Commercial Union Insurance Co.*, 65 F.3d 314, 324 (3d Cir. 1995). Parsing these summary statements into separate elements, acceptable grounds for reconsideration are limited to these: (1) an obvious misapprehension by the court of a party's position, the facts or the law; (2) newly discovered evidence that could not have been obtained through the exercise of due diligence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.

The following are not meritorious grounds for reconsideration of a final order: (1) where the requesting party is raising, for the first time, a new issue of law or theory of the case that could have been raised at an earlier stage of the proceeding; or (2) where the motion merely reargues issues that the court has already reasonably analyzed and decided. *Staiano*, 324 B.R. at 563 (citations omitted); *Wayne v. Citizens National Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994). In other words, "a motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the court to 'rethink' what is has already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough Of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)). "[T]he reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly." *D'Angio v. Borough of Nescopeck,* 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

Among the seventeen assignments of error alleged in the Motion, I have found no issues that are appropriate for reconsideration. Each of the assignments in the Motion must be rejected because it simply reformulates or reargues matters already analyzed and decided. I will briefly summarize how the December 11, 2009 Opinion addressed each of the seventeen points raised by the Motion at paragraph 4 (which is subdivided into separate assignments of error and labeled with a letter).

> **Assignments (a) - (c).** *That the court erred by failing to find that Debtor breached its Agreement with Gilberton by ceasing to remove culm and to pay royalties thereon, and that the Agreement terminated upon such breach*

The issue of whether Debtor breached the Agreement was thoroughly analyzed in the Opinion. I concluded that Debtor did breach the agreement by terminating its operations and failing to pay royalties thereafter. I further indicated in the Opinion that throughout the course of

their dealings, the parties honored the Agreement more in the breach than the observance, but as to any breach committed by Debtor, Gilberton never timely declared a default as the Agreement required. Accordingly, when it filed the instant adversary case, Debtor could still invoke the terms of the Agreement to assert an ownership interest in the culm at issue. Therefore, the first three assignments of error require no additional discussion or findings by the Court.

**Assignment (d)**. *That the court erred by failing to find that the Agreement "imposes an explicit duty upon Split Vein to remove bank materials"*

For reasons similar to those discussed above, this assignment of error also requires no re-analysis of the record. Regardless of whether or not I found that the Agreement imposed any duty to remove culm, the Agreement was not terminated by Gilberton by a timely declaration of a default.

**Assignment (e).** *That the court erred by construing the Agreement to create a perpetual term in favor of Debtor*

My Opinion contained no finding that the Agreement created a perpetual term in favor of Debtor. Therefore, I need not address this assignment of error.

**Assignment (f).** *That the court erred by failing to conclude that Debtor had abandoned the Agreement by terminating its culm-removal operations*

Part "D" of the Discussion section of my Opinion reviewed and discussed Pennsylvania state law standards regarding abandonment of culm. The motion for reconsideration merely reasserts Gilberton's interpretation of those cases, an interpretation that I expressly rejected. Therefore, it is not necessary to reconsider my Opinion on this issue.

**Assignments (g) - (k).** *That Debtor failed to meet its burden of proof regarding ownership of the culm*

4

In these five paragraphs of its Motion, Gilberton makes arguments to undermine the evidence on which Debtor relied to prove ownership of the culm. Each argument (e.g. that Debtor's lack of tonnage records for the culm it claimed rendered an award of damages purely speculative) is a variation on the theme that the evidence was insufficient to carry Debtor's burden of proof on the issue. Obviously, having decided that Debtor owned the culm and was entitled to damages for its conversion, I found Debtor's evidence to have been persuasive on that issue. Thus, assignments of error (g) - (k) are merely rearguments of issues already analyzed and decided, and no reconsideration of any of these five points is necessary.

> **Assignments (l) - (n)**. *That the court erred in failing to either presume or find that Debtor abandoned the culm*

Pennsylvania law regarding abandonment of personal property requires a court to presume that the property at issue has not been abandoned, thus placing the burden of proof upon the party alleging abandonment. In the December 11 Opinion, I cited a Pennsylvania Supreme Court case, *Fidelity-Philadelphia Trust Co. v. Lehigh Valley Coal Co.*, 294 Pa. 47, 143 A. 474 (1928), for its holding that "if the thing claimed to be abandoned is considered valueless and a hindrance" then the presumption that the property has not been abandoned does not arise. In its post-trial briefs, Gilberton argued that the culm at issue was deposited on the land by Debtor because it was valueless and a hindrance. I rejected this argument based on the testimony in the record that the culm at issue had some value at the time it was deposited, but not enough value to offset Debtor's costs to transport it to a buyer. I further made factual findings supporting the conclusion that the culm was not abandoned. Gilberton argues that I misread *Lehigh Valley* by construing the word "valueless" to mean "no value." This argument is disingenuous at best. The

5

word "valueless" is defined as "having no value; worthless." Dictionary.com Unabridged. Random House, Inc. http://dictionary.reference.com/browse/valueless (accessed: August 10, 2010). Accordingly, I need not reconsider the December 11 Opinion based on Assignments (l) through (n).

**Assignments (o) - (q).** *That the fire on Excelsior Bank was a public health risk and constituted an imminent public disaster justifying Gilberton's removal of Debtor's culm*

In its post-trial brief, Gilberton cited Pennsylvania state court decisions for the proposition that it was privileged to convert Debtor's property in order to "avoid a public disaster." (Gilberton's Post Trial Brief, p. 28.) Gilberton argued that the fire on the Excelsior Bank presented a risk of imminent public disaster, and that Debtor's efforts to extinguish the fire had been inadequate. In the December 11 Opinion, I directly addressed this argument, finding that regardless of the relative success or failure of Debtor's firefighting efforts, any state law privilege justifying Gilberton's removal of culm to fight the fire did not authorize Gilberton to sell the culm *at a profit*. Accordingly, the conversion damages awarded in my Order were calculated by subtracting Gilberton's actual costs of removal from the gross revenues received for the culm. Gilberton is deprived only of its profits and has been made whole by the credit it received for its firefighting expenses. It is not necessary to make additional findings or provide discussion on the substantive issue of whether or not the fire constituted an "imminent public disaster."

**Additional arguments first raised on reconsideration**

Gilberton's brief on reconsideration argues that even if the Agreement was not abandoned by Debtor or terminated upon a breach, it was effectively nullified by Debtor's failure to assume

it under 11 U.S.C. § 365(d)(4). This argument was not previously raised by Gilberton. It is axiomatic that "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Zied v. Astrue*, 2010 WL 2804879, 2 (M.D. Pa.) (citations omitted). As Debtor pointedly recounts in its brief, Gilberton vigorously defended itself in this action, filing an extensive number of pleadings including a counter-claim, a motion for summary judgment and supporting brief, one pre-trial and two post-trial briefs, and numerous other pleadings. This argument could have been raised and addressed as early as the summary judgment stage, but Gilberton did not raise it in any of its pre-trial pleadings, or at the trial, or at any juncture of this case prior to its reconsideration motion. Again, a "motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion." A motion for reconsideration "is not to serve as a vehicle to . . . present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey v. Head,* 206 F.3d 1106, 1137 n. 69 (11th Cir.2000). Accordingly, Gilberton's argument under § 365(d)(4) does not compel reconsideration of the December 11 Opinion.

## Conclusion

Having failed to raise matters appropriate for reconsideration, Gilberton's motion will be denied. An appropriate order will be entered.

By the Court,

*Mary D. France*
Chief Bankruptcy Judge

Date: August 11, 2010

*This document is electronically signed and filed on the same date.*

7

Case 1:07-ap-00006-MDF    Doc 134    Filed 08/11/10    Entered 08/11/10 15:14:57    Desc
Main Document    Page 7 of 7